**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**

CASE NO.:

PHILLIP WILLIAMS, individually and on
behalf of a class of similarly situated
individuals,

                  Plaintiff,

   v.

BURGER KING CORPORATION, a
Florida corporation,

                  Defendant.

_____/

## CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Phillip Williams, both individually and on behalf of similarly situated individuals, brings this Complaint against Burger King Corporation (Defendant) to put a stop to Defendant's misleading practice of selling and marketing its "Impossible" Whopper burger as a meat-free food option. Despite Burger King's representations that the Impossible Whopper uses the trademarked "Impossible Meat" that is well known as a meat-free and vegan meat alternative, Burger King cooks these vegan patties on the same grills as its traditional meat products, thus covering the outside of the Impossible Whopper's meat-free patties with meat by-product. Plaintiff Phillip Williams brings this action to obtain redress for all persons injured by Defendant Burger King's deceptive and unlawful conduct. Plaintiff alleges as follows based upon personal knowledge as to his own acts and experiences, and as to all other matters, upon information and belief, including investigation conducted by his attorneys.

## NATURE OF THE ACTION

1.     Plaintiff brings this class action lawsuit against Defendant for violations of Florida's Deceptive and Unfair Trade Practices Act, section 501.201 et seq., Florida Statutes (the "Act"), and common law, based on Burger King's (Defendant) false and misleading business practices with respect to the marketing and sale of its Impossible Whopper at Burger King restaurants and franchises around America.

2.     "Impossible" meat is a trademarked product that is owned independently from Burger King that is widely known across the country as a vegan meat substitute. Due to its impressive meat-like appearance, texture and taste, "Impossible" "meat" is one of the most popular vegan meat alternatives in the country.

3.     Plaintiff practices a strict vegan diet, meaning that he does not eat or drink anything that uses animal by-products.

4.     "Impossible" meats contain no animal products or animal by-products. "Impossible" meats are also certified Halal and Kosher.[1]

5.     On August 8, 2019, Defendant began to offer a version of its most popular and widely advertised "Whopper" burger with the "Impossible" meat, called the "Impossible Whopper." Since then, Defendant has marketed and sold burgers using "Impossible" synthetic meat patties under the descriptive product name "Impossible Whopper" claiming in advertising that the Impossible Whopper is "0% beef" and "100% Whopper".

6.     However, unbeknownst to Plaintiff and consumers, the Impossible Whopper is cooked on the same grills as its traditional meat-based products, creating a meat-free patty that is in fact covered in meat by-product.

7.     Plaintiff and other consumers purchased the Impossible Whopper, reasonably

---

[1] *See* www.cnet.com/news/beyond-meat-vs-impossible-burger-whats-the-difference.

relying on Defendant's deceptive representations about the Impossible Whopper and believing that the "Impossible" vegan meat patty would be prepared in a manner that maintained its qualities as a vegan (meat-free) burger patty.

8.      Plaintiff and consumers pay a premium price to have an Impossible Whopper as opposed to a traditional Whopper for the sole basis of having a meat-free option.

9.      Had Plaintiff and other consumers known that the Impossible meat used in Burger King's Impossible Whopper was contaminated by meat by-product, they would not have purchased the Impossible Whopper.

10.     On behalf of himself and the proposed Class defined below, Plaintiff seeks an injunction requiring Defendant to plainly disclose that the Impossible Whopper is cooked on the same grill as its other meat; that Burger King's future marketing of its Impossible Whopper comply with Florida's Deceptive and Unfair Trade Practices Act and common laws; as well as an award of actual and compensatory damages to the Class, together with costs and reasonable attorneys' fees.

**PARTIES**

11.     Defendant Burger King Corporation is a Florida corporation with its headquarters located in Miami, Florida, from where it manages the operations of thousands of Burger King fast-food restaurants throughout the United States.

12.     At all relevant times, Plaintiff has been a resident and citizen of the state of Georgia.

**JURISDICTION & VENUE**

13.     This Court has diversity jurisdiction under 28 U.S.C. § 1332(d), because (i) at least one member of the putative class is a citizen of a state different from any Defendant, (ii) the amount

in controversy exceeds $5,000,000 exclusive of interests and costs, and (iii) none of the exceptions under that subsection apply to the instant action.

14.     This Court has personal jurisdiction over Defendant because Defendant is incorporated in Florida and Defendant's principle place of business is in Florida.

15.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendant resides in this judicial district, and Defendant is incorporated and has its principle place of business in Florida.

## COMMON ALLEGATIONS OF FACT

16.     Burger King is an international restaurant chain that sells hamburgers to consumers throughout the United States, and the world. In order to expand its product offerings and appeal to the growing customer base of vegan consumers, in April 2019 corporate executives at Burger King's headquarters chose to offer a Whopper burger using "Impossible" meat patties at certain Burger King locations, calling it the "Impossible Whopper."

17.     According to advertising created and/or approved by its corporate office for distribution online, in print, and elsewhere, Burger King's Impossible Whopper is "0% beef and 100% Whopper."

18.      Despite the foregoing representations, Burger King's standard procedure is to cook its "Impossible" vegan meat patties on the same grills as its traditional meat patties, thus contaminating the vegan product with meat (including beef) by-products.

19.     Defendant has no disclosures on its menus that would notify a consumer prior to their purchase of the Impossible Whopper that it was cooked in a manner that would result in meat by-products on the burger.

20.    Customers, such as Plaintiff, who maintain a vegan diet specifically purchased Burger King's Impossible Whopper based on Defendant's representations that it would be a meat-free food.

21.    Defendant, through its unfair and deceptive practices in offering its Impossible Whopper, monetarily benefits from consumers who legitimately believed that they were paying a premium for a meat-free alternative.

22.    Indeed, there are numerous consumer complaints posted online from customers who have been outraged upon finding out that that the Impossible Whopper is prepared on the same grills as Burger King's traditional meat products.

23.    On or around August 2019, after hearing about Burger King's Impossible Whopper through social media advertisements and word of mouth, and having no knowledge about how Burger King actually prepares the Impossible Whopper, Plaintiff decided to visit a local Burger King in Atlanta, Georgia to try the new product.

24.     Plaintiff went to the location's drive-through and ordered an Impossible Whopper with no mayonnaise.

25.    While waiting in the drive-through Plaintiff observed no signage indicating that the Impossible patty was cooked on the same grill as Burger King's meat products, nor was Plaintiff notified by Burger King that the Impossible patty would be prepared in the same grills as its traditional meat products. Plaintiff only saw Defendant's representations that the Impossible Whopper was made with the "Impossible" vegan and meat-free burger patty.

26.    After checking that his Impossible Whopper did not contain mayonnaise, Plaintiff proceeded to eat the Impossible Whopper believing that it was a meat-free option.

27.    However, Plaintiff had been duped by Burger King's deceptive practices into eating

a meat-free Whopper Patty that was in fact covered in meat by-products.

28.     Apart from being misled into consuming meat and/or meat by-products, Plaintiff also suffered monetary damages in the amount that he paid to purchase the product.

29.     Plaintiff, like the other members of the Class, reasonably believed that the Impossible Whopper was in fact "0% beef" and, therefore, did not contain any meat or meat by-products. Plaintiff would not have purchased the Impossible Whopper if he knew that it was cooked in such a manner that it was coated in meat by-products.

30.     Defendant's actions in advertising and selling to Plaintiff and the other members of the Class its meat-free Impossible Whopper without disclosing that the Impossible patty is cooked on the same grills as its traditional meat products, violates Plaintiff's common law rights as well as the Act.

## CLASS ACTION ALLEGATIONS

31.     Plaintiff seeks class certification under Rule 23 of the Federal Rules of Civil Procedure for the following class of similarly situated individuals: All individuals within the United States who purchased Burger King's Impossible Whopper.

32.     Excluded from the Class are any members of the judiciary assigned to preside over this matter; any officer or director of Defendant, and any immediate family member of such judge, officer or director.

33.     Upon information and belief, given that the Impossible Whopper was made available in Burger King locations across the country, there are thousands of members of the Class, making the members of the Class so numerous that joinder of all members is impracticable.

34.     Plaintiff's claims are typical of the claims of the Class he seeks to represent, because the factual and legal bases of Defendant's liability to Plaintiff and the Class is the same,

and because Defendant's conduct has resulted in similar injuries to Plaintiff and to the Class. As alleged herein, Plaintiff and the Class have all suffered damages as a result of Defendant's unfair and deceptive business practices.

35.     Common questions of law and fact exist as to all members of the Class, and such questions predominate over questions affecting Plaintiff or individual members of the Class. Common questions for the Class include, but are not limited, to the following:

> (a)     Whether Defendant's Impossible Whopper was advertised and sold as being meat-free;
>
> (b)     Whether Defendant's Impossible Whopper was in fact prepared in such a way that upon serving it contained meat by-products;
>
> (c)     Whether Defendant engaged in fraudulent, false, deceptive and/or unfair conduct and business practices in advertising and selling its meat-free Impossible Whopper that in fact contained meat by-products;
>
> (d)     Whether Plaintiff and the members of the Class have suffered damages form Defendant's conduct;
>
> (e)     Whether Defendant was unjustly enriched by receiving profits from its sales of its Impossible Whopper at a higher cost than its traditional Whopper; and
>
> (f)     Whether Defendant should be enjoined from engaging in such conduct in the future.

36.     Plaintiff will fairly and adequately represent and protect the interests of the other members of the Class. Plaintiff has retained counsel with substantial experience in prosecuting complex litigation and class actions, and Plaintiff and his counsel are committed to vigorously prosecuting this action on behalf of the members of the Class and have the financial resources to

do so. Neither Plaintiff nor his counsel has any interest adverse to those of the other members of the Class.

37.     Defendant has acted and failed to act on grounds generally applicable to the Plaintiff and the other members of the Class in advertising and selling its Impossible Whopper burger, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and making injunctive or corresponding declaratory relief appropriate for the Class as a whole.

38.     The factual and legal bases of Defendant's liability to Plaintiff and to the other members of the Class are the same, resulting in injury to Plaintiff and to all of the other members of the Class as a result of Defendant's deceptive sales and marketing of its Impossible Whopper burger.

39.     Absent a class action, most members of the Class would find the cost of litigating their claims to be prohibitive and would have no effective remedy.  The class treatment of common questions of law and fact is also superior to multiple individual actions or piecemeal litigation in that it conserves the resources of the courts and the litigants and promotes consistency and efficiency of adjudication.

**FIRST CAUSE OF ACTION**
**Breach of Contract**
**(On behalf of Plaintiff and the Class)**

40.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1–39 above as if fully set forth herein.

41.     Defendant advertised to Plaintiff and the other members of the Class that an Impossible Whopper contained "Impossible" meat that was meat-free and vegan.

8

42.     Defendant sold its Impossible Whopper at a premium sum in exchange for a meat-free Whopper Burger.

43.     Plaintiff, like the other members of the Class, purchased Defendant's Impossible Whopper from Burger King specifically because it was advertised and represented as a meat-free option.

44.     However, Defendant failed to disclose or put Plaintiff and the other Class Members on notice that its meat-free Impossible Whooper was in fact cooked and prepared on the same grills as its traditional meat products, thus contaminating it with meat by-product.

45.     Neither Plaintiff nor the other Class members received a meat-free or Impossible Whopper from Burger King when they purchased the Impossible Whopper because the "Impossible" patty is cooked in a manner that covers it in meat by-products.

46.     Plaintiff and the other Class members would not have purchased Defendant's Impossible Whopper had they known that it was cooked on the same grills as its traditional meat products and, as a result, contained meat by-products.

47.     As a direct and proximate result of Defendant's breach of contract, Plaintiff and the other members of the Class have been harmed and have suffered damages by purchasing a product that they would not have otherwise bought or otherwise paid a premium for.

### SECOND CAUSE OF ACTION
### Violation of Florida's Deceptive and Unfair Trade Practices Act
### (On behalf of Plaintiff and the Class)

48.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1–39 above as if fully set forth herein.

49.     Plaintiff and the other Class members are "consumers" within the meaning section 501.203(7), Florida Statutes because they are individuals.

50.     Burger King was engaged in "trade or commerce" within the meaning of section 501.203(8), Florida Statutes because it was advertising and offering for sale the Impossible Whopper burgers at issue.

51.     Burger King's corporate headquarters are in Florida, and the unlawful conduct alleged herein, including the advertising and disclosures made at Burger King locations throughout the country, was directed, originated, and/or approved from Burger King's corporate headquarters.

52.      The Impossible Whopper is advertised and represented as being "0% Beef" and containing a meat-free vegan beef patty made from "Impossible" meat.

53.     As described above, Plaintiff and the other members of the Class purchased Burger King's Impossible Whopper in reliance upon Burger King's representations that it contained a meat-free vegan "Impossible" meat patty. Plaintiff, as did other reasonable consumers and the Class, understood that an "Impossible Whopper," and inclusion of "Impossible meat," meant that the Impossible Whopper would be free of any meat, including any meat by-product.

54.     However, Burger King failed to, or did not adequately, disclose that the Impossible patties used to make the Impossible Whopper are in fact prepared and cooked on the same grills as Burger King's traditional meat products and covered in meat by-product and are thus, not meat-free.

55.     Burger King's conduct of selling a meat-free Impossible Whopper that is in fact covered in meat by-products constitutes unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices within the meaning of section  501.204, et seq., Florida Statutes.

56.     Plaintiff and the other members of the Class were injured by Defendant's deceptive and unfair conduct described above because  they would not have purchased Defendant's

Impossible Whopper had they known that it was not in fact meat-free, or would have otherwise not paid a premium to purchase it. Plaintiffs and the other members of the Class therefore suffered actual damages within the meaning of section 501.211, Florida Statutes.

### THIRD CAUSE OF ACTION
### Unjust Enrichment
### (On behalf of Plaintiff and the Class)

57.     Plaintiff hereby incorporates by reference the allegations set forth in Paragraphs 1–39 above as if fully set forth herein.

58.     Plaintiff and the other members of the Class purchased Burger King's Impossible Whopper because it was represented as containing an "Impossible" brand vegan burger patty that was meat-free.

59.     Plaintiff and the other members of the Class have conferred substantial benefits to Defendant when they purchased Burger King's "Impossible Whopper."

60.     Burger King failed to disclose to Plaintiff and the other members of the Class how it prepared its Impossible Whoppers and that the "Impossible" patties in the burgers were prepared on the same grills as Defendant's traditional meat products and thus were not in fact meat-free.

61.     Despite numerous reviews and consumer outrage upon learning that the Impossible Whopper was contaminated with meat by-product, Defendant kept payments from numerous consumers, including Plaintiff and the other members of the Class.

62.     Defendant's retention of the payments and premiums received from Plaintiff and the other members of the Class is unconscionable, and unless these payments are reimbursed, Defendant Burger King will be unjustly enriched.

63.     As the direct and proximate result of Burger King's unjust enrichment, Plaintiff and the Class are entitled to restitution of all profits, benefits, and other advantages attained by Defendant through the unlawful and deceptive conduct described herein.

### REQUEST FOR RELIEF

Plaintiff, on behalf of himself and the Class, requests the following relief:

A.      Certifying the Class as defined above, appointing Plaintiff as class representative and the undersigned as class counsel;

B.      Declaring that Defendant's actions, as set forth herein, are unconscionable and force Burger King to return all benefits gained, profits received, etc. from its deceptive marketing and sale of its Impossible Whopper so as to make full restitution to Plaintiff and the Class;

C.      Declaring that Defendant be financially responsible for actually providing a meat-free "Impossible" meat patty when selling its "Impossible Whoppers" to consumers;

D.      Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiff and the Class;

E.      Awarding actual compensatory and any other damages the Court sees fit to the Class members;

F.      Awarding reasonable attorneys' fees, costs, and other litigation expenses;

G.      Awarding pre- and post-judgment interest, as allowable by law; and

H.      Awarding such further and other relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff requests trial by jury of all claims that can be so tried.

Dated:  November 18, 2019                     PHILLIP WILLIAMS, individually and on behalf of
                                              a class of similarly situated individuals

                                              /s/ David P. Healy
                                              One of His Attorneys


David P. Healy (940410)
Dudley, Sellers, Healy,  Heath & Desmond, PLLC
SunTrust Financial Center
3522 Thomasville Rd., Suite 301
Tallahassee, Florida 32309
Tel: (850) 222-5400
Fax: (850) 222-7339
dhealy@davidhealylaw.com